Issa DUKURAY, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 07–3735–ag.

United States Court of Appeals, Second Circuit.

June 24, 2008.

Theodore Vialet, New York, NY, for Petitioner.

Jeffrey S. Bucholz, Acting Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Issa Dukuray, a native and citizen of Sierra Leone, seeks review of an August 3, 2007 order of the BIA affirming the January 12, 2006 decision of Immigration Judge ("IJ") Sarah M. Burr denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Issa Dukuray*, No. A 79 595 754 (B.I.A. Aug. 3, 2007), *aff'g* No. A 79 595 754 (Immig. Ct. N.Y. City Jan. 12, 2006). We assume the

parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. DHS,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We conclude that the IJ permissibly found that even if Dukuray had established past persecution, he no longer had a well-founded fear of persecution due to a fundamental change in circumstances in Sierra Leone. *See* 8 C.F.R. § 1208.13(b)(1). The IJ properly based her determination on record evidence, including the 2004 reports from Amnesty International and the U.S. Department of State.

Nevertheless, Dukuray asserts that he continues to have a well-founded fear of persecution because many of the former members of the RUF and their supporters, including the people who abducted him and his sister, continue to live in Sierra Leone. However, in light of the record evidence supporting the changed country conditions finding, as well as the absence of any evidence that Dukuray would cur-

rently be at risk of harm by the RUF, the agency permissibly determined that he no longer had a well-founded fear of persecution in his native country. *See* 8 C.F.R. § 1208.13(b)(1). Because Dukuray was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief, which shared the same factual predicate.[1] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Further, the Government correctly asserts that Dukuray failed to exhaust his administrative remedies with respect to his asylum claim based on humanitarian grounds. Thus, we decline to review that claim. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir. 2007) (describing issue exhaustion as "mandatory").

For the foregoing reasons, the petition for review is DENIED.

---

1. We therefore need not reach the Government's assertion that Dukuray waived any challenge to the agency's denial of his CAT claim.